IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NCO FINANCIAL SYSTEMS, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: 1:11-cv-01020-GLR |
| MONTGOMERY PARK, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT MONTGOMERY PARK LLC'S
MOTION TO TAKE LIMITED DISCOVERY IN SUPPORT
OF ITS RENEWED MOTION FOR FEES AND COSTS**

Defendant and Counter-plaintiff, Montgomery Park, LLC ("Montgomery Park"), pursuant to Local Rule 109(2) as it incorporates Appendix B of this Court's Rules and Guidelines for Determining Attorneys' Fees in Certain Cases (the "Fee Guidelines") respectfully moves this Court for leave to take limited discovery in support of its Renewed Motion for Fees and Costs ("Fee Motion") (ECF 249). Specifically, Montgomery Park seeks leave to subpoena the billing records of the 3 law firms who previously represented NCO in this case and to depose NCO's expert witness on his opinions as to the reasonableness of the rates and fees charged by Montgomery Park's lawyers and, in support thereof, states as follows:

1. In opposing Montgomery Park's Fee Motion (ECF 253),[1] NCO and its expert witness, John M. ("Jack") Quinn Esq., challenge the reasonableness of the Montgomery Park's attorneys' fees on several grounds including that:

---

[1] Citations to NCO's Opposition to Montgomery Park, LLC's Renewed Motion for Fees and Costs (ECF 253) shall appear herein as "*NCO Fee Opp*." Citation to Montgomery Park, LLC's Renewed Motion for Fees and Costs (the "Fee Motion") (ECF 249) shall appear herein as "*MP Fee Mot*."

1

- "There was no need for two firms to represent Montgomery Park in this case" and "much of the work of the two law firms was, in fact, duplicative"; and

- "Charges [*i.e.* "billing rates"] in excess of the attorneys' fees Guidelines and Appendix B are not justified."

(ECF 253, *NCO Fee Opp.* at 18).

2. NCO makes these arguments notwithstanding that it has been represented by 4 law firms in this case, and for 8 years NCO was simultaneously represented by 2 sets of lawyers at 3 separate law firms:

- Norman Greenspan and Stephanie Chomenstowski of BLANK ROME LLP.
- Norman Greenspan of STARFIELD SMITH P.C. ("SSP")
- Joshua Treem, Andrew Levy and Kevin Docherty of BROWN, GOLDSTEIN LEVY LLP ("BGL").

3. As explained in its pending Motion to Compel Plaintiff to Produce its Counsel's Billing Records ("Motion to Compel") (ECF 251) and its supporting Reply (ECF 254) (which are incorporated herein by reference), NCO should be required to gather and produce in litigation format the billing records of all 4 firms who represented it in this case in accordance with this Court's Fee Guidelines. *Fee Guidelines, App. B*, §1(e).[2]

4. To the extent that NCO (or its parent company) no longer possesses the billing records sent by NCO's attorneys prior to 2018, those records remain in NCO's control to the extent that NCO can easily request them from its former counsel as they are needed for this still active litigation (ECF 254).

---

[2] As explained in Montgomery Park's opening Motion to Compel, the Fee Guidelines state in pertinent part:

> If during the course of a fee award dispute, a judge orders that the billing records of counsel for the party opposing fees must be turned over to the party requesting fees, those billing records should be submitted in the "litigation phase" format.

(*Id.*).

2

5. In the event that this Court were to grant the Motion to Compel, but former counsel for NCO is unwilling to voluntarily provide copies of their pre-2018 invoices to their former client absent compulsory process, Montgomery Park requests leave to serve document subpoenas on BLANK ROME, SSP and BGL for the production of all of their fee invoices in this case. This belts-and-suspenders approach will ensure that whether produced by NCO or directly from 3 law firms themselves, fee information relevant to the instant attorneys' fee dispute is ultimately produced to Montgomery Park in accordance with this Court's Fee Guidelines. *Fee Guidelines, App. B*, §1(e); *see also Henson v. Columbus Bank & Trust, Co.*, 770 F.2d 1566, 1575 (1985) ("[B]ecause the defendant here contested the reasonableness of plaintiff's petition, we find that the district court abused its discretion in refusing to allow [plaintiff] discovery of [defendant's] records concerning [attorney] hours expended and fees paid."); *Mitroff v. Xomax Corp.,* 631 F. Supp. 25, 28 (S.D. Ohio, 1985) ("Pertinent to any consideration of a reasonable amount of time expending in the prosecution of a law suit is the amount of time expended by the defendant in defending that law suit.").

6. Furthermore, given the position taken by NCO and its expert, Jack Quinn, regarding the reasonableness of Montgomery Park's attorneys' fees, Montgomery Park should be given leave to take Mr. Quinn's deposition. Among relevant lines of inquiry are whether or to what extent Mr. Quinn had any knowledge of the roles played by the 4 law firms who have represented NCO in this case or the rates and amounts charged by those firms before opining as to the purported unreasonableness of Montgomery Park's attorneys' fees. Furthermore, as Mr. Quinn's opinions are based primarily on his own experience, inquiry into any instances in which Mr. Quinn and his firm have participated as co-counsel with other firms in complex litigation and the manner in which his firm billed for those services would also be relevant to the instant fee dispute.

7. As Local Rule 109 is silent as to the right of a party to take discovery in the context of these post-trial proceedings, and discovery as to the underlying claims closed back in 2017 (ECF 136), Montgomery Park, in an abundance of caution, seeks leave of this Court to pursue the requested discovery before serving the subpoenas.

8. To enable Montgomery Park to obtain this discovery in time to reference the subpoenaed documents and deposition testimony in its Reply in support of its Fee Motion due on October 14, 2022, Montgomery Park is also filing a Motion to Shorten the time for NCO's response hereto and respectfully requests a prompt ruling on this Motion.

9. Should this Court be unable to rule on this Motion in time for Montgomery Park to reference the subpoenaed records and deposition testimony in its upcoming Reply, Montgomery Park respectfully requests that it be given leave to supplement said Reply (not to exceed 5 pages), upon receipt of the subpoenaed billing records and deposition testimony.

**WHEREFORE,** for all the foregoing reasons, and those set forth in its pending Motion to Compel, Montgomery Park respectfully requests that this Court enter the attached Order granting Montgomery Park leave to serve document subpoenas on the 3 law firms who previously represented NCO in this case and to depose NCO's expert witness regarding his opinions as to the reasonableness of the rates and fees charged by Montgomery Park's lawyers.

|  |  |
|---|---|
|  | Respectfully submitted, |
| September 30, 2022 | /s/ *John E. McCann, Jr.* <br> John E. McCann, Jr. (Bar No. 10028) <br> MILES & STOCKBRIDGE P.C. <br> 100 Light Street <br> Baltimore, Maryland 21202 <br> Direct Dial and Fax: (410) 385-3586 <br> jmccann@milesstockbridge.com <br><br> *Counsel for Defendant and Counter-plaintiff Montgomery Park, LCC* <br><br> /s/ *Howard G. Goldberg* <br> Howard G. Goldberg (Bar No. 01210) <br> GOLDBERG & BANKS, P.C. <br> 1829 Reisterstown Rd. <br> Baltimore, Maryland 21208 <br> (443) 940-1340 <br> hgoldberg@gbpclawfirm.com <br><br> *Counsel for Defendant, Montgomery Park, LLC* |