IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NCO FINANCIAL SYSTEMS, INC., | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. GLR-11-1020 |
| MONTGOMERY PARK, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This case was referred to me for specific discovery disputes (ECF Nos. 251, 255 and 256) on March 13, 2023. ECF No. 266. This case has been litigated in the District Court since February 28, 2011, with three trips to the United States Court of Appeals for the Fourth Circuit. The motions currently before me are Montgomery Park's renewed Motion to Compel post judgment discovery regarding NCO's attorneys' fees (ECF No. 251), Montgomery Park's Motion to Take Limited Discovery (ECF No. 255), Montgomery Park's Motion to Shorten the Time for NCO to respond (ECF No. 256), and the corresponding responses and replies. In essence, successful litigant Montgomery Park moves the Court to obtain discovery of the attorneys' fees NCO expended to combat any arguments from NCO that Montgomery Park's fees are unreasonable. In addition to NCO's present attorneys' fees, Montgomery Park would like to subpoena NCO's prior law firms' fees and take a deposition of NCO's expert, John M. "Jack" Quinn, Esquire. These matters are fully briefed and no hearing is necessary. Loc.R. 105.6 (D.Md. 2021).

1

## Discussion

### A. Standard of Review

District courts have "wide latitude in controlling discovery and [their] rulings will not be overturned absent a showing of clear abuse of discretion." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 683 (4th Cir. 1986); *Middleton v. Nissan Motor Co.*, No. 10–2529, 2012 WL 3612572, at *2 (D.S.C. Aug. 21, 2012). The latitude given to district courts "extends as well to the manner in which [they] order the course and scope of discovery." *Ardrey*, 798 F.2d at 683.

### B. Relevance

Federal Rule of Civil Procedure 69 allows discovery in aid of enforcing a judgment pursuant to the applicable Federal Rules governing discovery. Fed. R. Civ. P. 69(a)(2). The Rule provides, in relevant part:

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

In the instant case, Defendant relies upon *Henson v. Columbus Bank & Trust Co.*—a decision from the United States Court of Appeals for the Eleventh Circuit—in an attempt to persuade the Court to compel the discovery of all opposing counsels' billing records, including records from the preceding three law firms over what amounts to be an 11-year period. 770 F.2d 1566 (11th Cir. 1985). In its Reply, Defendant's counsel has cherry picked language from *Henson* to infer its applicability to their demands. ECF No. 254. The full language in relevant part states:

> In considering awards for TIL cases, we consider the same factors and concerns that we consider in other attorneys' fees cases. We have on occasion questioned whether the number of hours spent on a case by defense counsel is relevant to a determination of the reasonable fees for plaintiffs' attorneys. Our reasoning has been that the number of hours needed by one side to prepare adequately may differ substantially from that of opposing counsel because the nature of the work on each side may differ dramatically. Additionally, the case may have far greater

2

precedential value for one side than the other. We have acknowledged, however, that in some cases it would be proper to allow the discovery of and use of such evidence.

*Henson*, 770 F.2d at 1574-75 (citations omitted).

In *Henson*, the Eleventh Circuit held that the district court abused its discretion by not allowing the discovery. *Id.* That case was a Truth in Lending Act case, and counsel adequately supported their requests for opposing counsel's fee information. However, reading the decision as a whole, the holdings in *Henson* hint that, as a general proposition, opposing counsel's fees are not relevant. As the *Henson* Court explained, it is common that one side may expend much more time than their opposition in filing or responding to motions, preparing for trial, or attending mediations. One side may grossly overbill their clients for services while their opposing counsel do not. Attempting to obtain opposing counsel's records could potentially be seen as an attempt to even *increase* their own records and justify higher fees. At bottom, opposing counsel simply do not work and bill in lockstep during the litigation dance. *See Mirabel v. GMAC*, 576 F.2d 729, 731 (7th Cir. 1978) ("[T]he amount of fees which one side is paid by its clients is a matter involving various motivations in the on-going attorney-client relationship that may, therefore, have little relevance to the value which petitioner has provided to his clients in a given case."). While *Henson* has, of course, no precedential value to this Court, its reasoning is sound.

In opposition to Defendant's Motion, Plaintiff points the Court to decisions actually here in the Fourth Circuit. ECF No. 257 at 3. In *Ambling Management Company v. University View Partners, LLC*, Judge Quarles upheld then Magistrate Judge Bredar's ruling denying prevailing Defendant's request for disclosure of Plaintiff's fees. No. WDQ-07-2071, 2010 WL 457508, at 2 (D.Md. Feb. 3, 2010). In his Letter Order, Judge Bredar held that Defendant had:

> (1) failed to adequately explain the relevance of adverse counsel's time sheets; (2) failed to show that such evidence was necessary to determine the reasonableness of

3

>the Defendant's fees; (3) made an overly broad request for "every document, paper, and electronic, possessed by Ambling and GDLD [Goodell, DeVries, Leech and Dann, LLP] that relates in some fashion to fees charged by GDLD and Ambling, including work product"; and (4) did not present a compelling reason for their discovery demands.

*Id.* at 1. The Court stated that when a plaintiff fails to provide a "'compelling explanation of the relevance of defense counsel's time sheets,' courts in this Circuit have rejected a plaintiff's attempt 'to shift the burden to the defendant of proving the reasonableness of their efforts.'" *Id.* at 2 (citing *Zhang v. GC Servs., LP*, 537 F.Supp.2d 805, 809 (E.D.V.A. 2008)).

The Court in *Zhang* relied upon the language in *Henson* that Defendants here ignore in their motion:

>We have on occasion questioned whether the number of hours spent on a case by defense counsel is relevant to a determination of the reasonable fees for plaintiffs' attorneys. Our reasoning has been that the number of hours needed by one side to prepare adequately may differ substantially from that of opposing counsel because the nature of the work on each side may differ dramatically. . . . We have acknowledged, however, that *in some cases* it would be proper to allow the discovery of and use of such evidence."

537 F.Supp.2d at 809 (quoting 770 F.2d at 1574) (internal citations omitted) (emphasis in *Zhang*). As in *Ambling Management Company*, the Court in *Zhang* denied the Motion to Compel the Production of such documents, holding that the plaintiffs failed to provide a compelling explanation of the relevance of defense counsel's timesheets. *Id.* The same can be said of this case and I find both *Ambling Management* and *Zhang* to be persuasive authority in finding that Defendant has failed to prove relevance. In this case, Defendant is asking for Plaintiff's records to show that Plaintiff paid for multiple law firms to prosecute the case and therefore Defendant's use of multiple law firms was reasonable. Absent that thin premise, there is no evidence to support that the fee records of Plaintiff, including all four law firms, are relevant to the Defendant's fees. The fact that Defendant had multiple law firms involving multiple counsel as well as Plaintiff having

4

multiple law firms with multiple counsel fails to provide a compelling explanation of the relevance of one to the other.

In sum, here, there is no compelling evidence presented to explain the relevance of the records requested and I find that the argument that "they double billed with multiple law firms so we should be able to double bill for multiple law firms" to be wholly unpersuasive and not necessary to determine the reasonableness of Defendant's fees. Accordingly, while it is true that exceptions to the general rule may arise if supported by a factual and legal basis to award such discovery, here I find that Defendant has failed to show how opposing counsels' billing records are relevant to the case at hand. There is no factual basis provided that would support a finding that opposing counsels' billings could somehow justify Defendant's fee petition.

## C. Proportionality

Assuming *arguendo* that the records were in fact relevant, the request for 11 years of billing records from four law firms is not proportional to the needs of the case. The scope of discovery is necessarily tempered by the mandates of Federal Rule of Civil Procedure 26(b)(1), which provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant presents no evidence to support such an extensive and expensive inquiry into Plaintiff's records. Judge Russell may find that the submitted fee petition is in fact reasonable. Judge Russell may make the determination that the submitted fees need to be reduced *on the simple basis of Defendant's billings*. I find that Defendant's request is not proportional to the needs of this case— i.e., determining whether Defendant's fee petition is reasonable and complies with Appendix B of

5

the Local Rules. I also find that the request is overburdensome in that it would require Plaintiff to "analyze thousands of hours of billing time." ECF No. 252 at 3. There is no basis provided to support that reviewing 11 years of billing time from the opposing party would assist the Court in reviewing the submitted fee petition.

Appendix B of the Local Rules states that "[i]f during the course of a fee award dispute, a judge orders that the billing records of counsel for the party opposing fees must be turned over to the party requesting fees, those billing records shall be submitted in the 'litigation phase' format." Loc. R. App'x B, at 1(e). Appendix B(1)(e) does not open the door for counsel to compel such records. The deciding judge must review the requests and apply Federal Rule of Civil Procedure 26 and the Local Rules to determine whether opposing counsels' billing records are relevant and otherwise discoverable. Here, Defendant has not shown that the information requested is either relevant or proportional to the needs of the case.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, I find that Defendant's Motion to Compel discovery (ECF No. 251) is DENIED; Defendant's Motion to Take Limited Discovery (ECF No. 255) is DENIED; and Defendant's Motion to Shorten Time (ECF No. 256) is DENIED as MOOT.

Date: 20 March 2023

A. David Copperthite
United States Magistrate Judge